# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0168
Filed February 25, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**George Thomas Chambers,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Polk County,
The Honorable Tabitha Turner, Judge.

---

**AFFIRMED**

---

Brian Scott Munnelly, Omaha, Nebraska, attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

---

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

George Chambers appeals his conviction and sentence after pleading guilty to first-degree harassment. He argues that the district court erred in finding that his competency was restored and that the court's notice of firearm prohibition violates his right to bear arms under the state and federal constitutions. Assuming that he has not waived his competency argument, we agree with the district court that the record shows that Chambers's competency was restored. And the notice of firearm prohibition is not a term of his sentence properly before us on direct appeal because it has no independent force and effect. We thus affirm Chambers's conviction and sentence.

## I. Restoration of Competency

After Chambers was charged with first-degree harassment, the district court found in early October 2024 that he was "suffering from a mental disorder which prevents him from appreciating the charges, understanding the proceedings or assisting effectively in his own defense." And so, the court suspended the criminal proceedings and ordered him "committed to the custody of the director of the Department of Correction for treatment designed to restore [him] to competency." *See* Iowa Code §§ 812.3–.6 (2024).

Three months later—after receiving a report from a department of corrections psychiatrist concluding that Chambers was competent to stand trial and holding an unreported competency hearing—the court found that Chambers's "competency has been restored in that [he] is able to appreciate the charge, understand the proceedings and effectively assist in [his] defense." So the court reinitiated the criminal proceedings. And a little more than a week later, Chambers pleaded guilty.

On appeal, Chambers argues that the district court erred in finding that his competency had been restored because the psychiatrist's report concluding that he was competent also mentioned that Chambers "expresses a number of apparent delusions." From this, Chambers asserts—with no further argument or citation to legal authority—"Clearly the [S]tate has not met its burden of proof that the defendant was restored to competency." It is doubtful that such a cursory argument properly presents this issue for our review. *See* Iowa R. App. P. 6.903(2)(a)(8)(3).

But even assuming he has not waived this issue, on our de novo review, we agree with the district court's finding that Chambers's competency was restored. *See State v. Brown*, 16 N.W.3d 288, 295 (Iowa 2025). "Under Iowa law, a defendant is not competent to stand trial if 'the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense.'" *Id.* at 293 (quoting Iowa Code § 812.3(1)). The psychiatrist's thorough report to the court shows that Chambers could appreciate his charge, understand the criminal proceedings, and assist in his defense. True, the psychiatrist confirmed that Chambers suffers from mental disorders and "expresses some apparent delusions pertaining to the military and his education." But he explained that Chambers "only brings up these ideas in acceptable context, and he does not otherwise mention or allude to these ideas." And with much factual detail backing it up, the psychiatrist succinctly summarized the basis for his conclusion that Chambers is competent:

> [Chambers] expresses some apparent delusion pertaining to the military and his education, but he does not report, endorse, or manifest any symptoms currently influencing his understanding of the legal process or his ability to assist legal counsel. He understands the charges against him. He has a rational and factual understanding of the court process, including key personnel and their functions. He is able to work effectively with his

defense counsel without interference of any psychiatric symptoms. He is aware of appropriate courtroom behavior and is able to manage his own behavior. His current medication regime would not be expected to interfere with his ability to receive a fair trial.

Nothing else in the record gives us any basis to reach the contrary conclusion. We thus affirm Chambers's conviction.

## II.     Notice of Firearm Prohibition

Chambers next argues that the notice of firearm prohibition issued by the district court—as a part of the sentencing order and a separate notice—violated his rights under the Second Amendment to the United States Constitution and article I, section 1A of the Iowa Constitution. A provision of the court's written sentencing order informed Chambers that

> pursuant to §§ 724.31A, 724.15(2) notice is hereby given that defendant is prohibited from acquiring a pistol or revolver. Defendant is subject to this notice because . . . Defendant is ineligible for a permit to carry, or to carry, a dangerous weapon under §§ 724.8, 724.8B because . . . Defendant is convicted of a serious or aggravated misdemeanor under Chapter 708. §§ 724.8B, 724.8(2).

Similarly, a separate notice of firearm prohibition under Iowa Code section 724.31A[1] issued by the court a few minutes before the sentencing order informed Chambers, in part:

> Pursuant to I.C. 724.31A, the court hereby notifies the party named above that, in the case number indicated above, the court issued an order or judgment by which the party named above lost firearm rights because the party named above met one or more of the following criteria [*Judge: check applicable criteria*]:

---

[1] After Chambers's sentencing, section 724.31A was repealed effective July 1, 2025. *See* 2025 Iowa Acts ch. 104, § 2.

> * Has been convicted within the previous three (3) years of any serious or aggravated misdemeanor defined in Chapter 708 not involving the use of a firearm or explosive [I.C. 724.9(5)].

(Bracketed text in original.) Nothing else in the sentencing order or separate notice imposes any specific prohibition on Chambers possessing firearms.

But we cannot consider Chambers's constitutional challenge in this direct appeal of his conviction and sentence. The notice of firearm prohibition, in both the sentencing order and the separate notice, "does not have any independent force"—it merely informs Chambers "that he is subject to other statutory provisions." *State v. Kieffer*, 17 N.W.3d 651, 663 n.3 (Iowa 2025). Nothing in either version of the notice or the rest of the written sentencing order prohibits Chambers from possessing a firearm or exposes Chambers to contempt in this case if he possessed firearms in the future—unlike the express firearm prohibitions previously found to be terms of a sentence. *See id.* at 662–63 (holding that an express firearm prohibition in a no-contact order, which was extended in the written sentencing order, was a term of the sentence); *State v. Neuhaus*, No. 24-0121, 2025 WL 1823979, at *4 (Iowa Ct. App. July 2, 2025) (same); *State v. Divine*, No. 23-1955, 2025 WL 3165710, at *2 n.6 (Iowa Ct. App. Nov. 13, 2025) (same).

So this notice of firearm prohibition, like other similar ones, "is not a term of [Chambers's] sentence properly before us on direct appeal." *State v. Smith*, 7 N.W.3d 355, 364 (Iowa 2025); *see also State v. Dunn*, No. 24-1101, 2026 WL 221285, at *1 (Iowa Ct. App. Jan. 28, 2026); *State v. Downing*, No. 24-0908, 2025 WL 1824650, at *1 (Iowa Ct. App. July 2, 2025). And thus, we cannot reach the merits of Chambers constitutional challenge to the statutes imposing a firearm prohibition as a result of this conviction.

**AFFIRMED.**